FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
May 31, 2018
OFFICE OF THE CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**LIBERTY LIFE ASSURANCE COMPANY OF BOSTON AND NUCOR CORPORATION GROUP LIFE BENEFIT PLAN,** **PLAINTIFFS**

**v.** **CIVIL ACTION NO.** 18-3059

**KENNETH B. "BRAD" FARLEY, II, individually, ESTATE OF KENNETH B. FARLEY, by and through its duly named administrator, Kenneth B. "Brad" Farley, II, and ESTATE OF JANE FARLEY, by and through its duly named administrator, Jon Walters,** **DEFENDANTS**

## VERIFIED COMPLAINT FOR INTERPLEADER

Plaintiffs Liberty Life Assurance Company of Boston ("Liberty Life") and Nucor Corporation Group Life Benefit Plan (the "Nucor Plan"), for their Interpleader Complaint against the above-named Defendants, allege as follows:

1. This is an action for interpleader pursuant to Rule 22 of the Federal Rules of Civil Procedure to determine entitlement to certain proceeds payable by reason of the death of Kenneth B. Farley ("Kenneth"), who was insured under a group life insurance policy issued by Liberty Life to Kenneth's employer, Nucor Corporation ("Nucor"). Plaintiffs stand ready to pay said funds into the Court as directed by the Court. This Complaint is verified by the Affidavit of Paula McGee, which is attached hereto, as Exhibit A and incorporated herein by reference.

## THE PARTIES

2. Liberty Life is an insurance company incorporated under the laws of the state of New Hampshire with its principal place of business in Radnor, Pennsylvania, and is lawfully authorized to do business in Arkansas

3. The Nucor Plan is an employee benefit plan as defined by 29 U.S.C. § 1002(2) of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001, et seq. ("ERISA") and a defined contribution plan pursuant to Internal Revenue Code § 401(k). The Nucor Plan has standing to sue or be sued pursuant to 29 U.S.C. § 1132(d)(1) of ERISA.

4. Defendant Estate of Kenneth B. Farley ("Kenneth's Estate") is an entity arising under the Arkansas Probate Code and is the subject of Cause No. 03PR-17-227-2, filed in the Probate Court, Baxter County, Arkansas, entitled *In The Matter of The Estate Kenneth Bradley Farley, Deceased* ("the Kenneth Probate Action"). As a party interested in the life insurance proceeds that are the subject of this action, Kenneth's Estate is an appropriate defendant in this action. Kenneth Bradley Farley, II is named in the Kenneth Probate Action as Administrator for Kenneth's Estate and may be served at 7915 Kerrydale Ct., Spotsylvania, Virginia 22551.

5. Defendant Estate of Jane Farley ("Jane's Estate") is an entity arising under the Arkansas Probate Code and is the subject of Cause No. PR-2017-206-2, filed in the Probate Court, Baxter County, Arkansas, entitled *In The Matter of the Estate of Jane Farley, Deceased* ("the Jane Probate Action"). As a party interested in the life insurance proceeds that are the subject of this action, Jane's Estate is an appropriate defendant in this action. Jon Walters is named in the Jane Probate Action as Administrator for Jane's Estate and may be served at 603 E. Farmer, Dumas, Arkansas 71639.

6. As an individual party interested in the life insurance proceeds that are the subject of this action, Kenneth Bradley Farley, II, ("Brad Farley") is an appropriate Defendant in this action and is an adult citizen of the State of Virginia, and may be served at 7915 Kerrydale Ct., Spotsylvania, Virginia 22551.

## JURISDICTION AND VENUE

7. This court has original jurisdiction of this action pursuant to the provisions of 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331 because this action involves competing claims for benefits and to enforce rights pursuant to a group life insurance policy issued by Liberty Life as part of an employee welfare benefit plan established and maintained for Nucor employees, including in the State of Arkansas, which is governed by ERISA.

8. This Court has personal jurisdiction over the Kenneth's Estate in that Kenneth's Estate is an entity that arises under the laws of the State of Arkansas and has an interest in a group life insurance policy issued by Liberty Life as part of an employee welfare benefit plan established and maintained for Nucor employees, including in the State of Arkansas, which is governed by ERISA.

9. This Court has personal jurisdiction over the Jane's Estate in that Jane's Estate is an entity that arises under the laws of the State of Arkansas and has an interest in a group life insurance policy issued by Liberty Life as part of an employee welfare benefit plan established and maintained for Nucor employees, including in the State of Arkansas, which is governed by ERISA.

10. This Court has personal jurisdiction over Kenneth Bradley Farley, II in that he claims to have an interest a group life insurance policy issued by Liberty Life as part of an employee welfare benefit plan established and maintained for Nucor employees, including in the State of Arkansas, which is governed by ERISA.

11. Venue is appropriate pursuant to 28 U.S.C. §§ 1391 and 1397 in that one or more of the Defendants reside in this District.

**THE POLICY**

12. On or about January 1, 2009, Liberty re-issued group life insurance policy No. SA3-850-289201-01 ("Policy") to Nucor providing group life insurance coverage to eligible employees of Nucor and their family members. The Policy attached hereto as Exhibit B formed part of Nucor's ERISA-governed employee welfare benefit plan providing life insurance and accidental death and dismemberment (AD&D) benefits to eligible Nucor employees and their families.

13. As of July 22, 2017, Decedent had $99,000.00 in basic group life insurance coverage and $297,000.00 in optional life coverage under the Policy. The total death benefit payable pursuant to the Policy by reason of Kenneth B. Farley's death is $396,000.00.

14. Kenneth B. Farley died on July 22, 2017 (Exhibit C). No death benefits have been paid to date. Thus, the total amount of insurance proceeds at issue in this matter is $396,000.00 ("Insurance Proceeds").

15. The Policy provides that if, at the death of a Covered Employee, there is no named or surviving beneficiary, Liberty will pay the benefits to the executor or administrator of the Covered Employee's estate. Liberty may, at its option, pay the benefits to a surviving relative in the following order: spouse, child, parent, sibling.

**THE COMPETING CLAIMS**

16. On or about December 10, 2008, Kenneth designated his spouse, Jane Farley, as primary beneficiary, for the Insurance Proceeds payable by the reason of his death under the policy. He did not designate any contingent beneficiaries. (Exhibit D).

17. Upon information and belief, on or about July 22, 2017, Kenneth and his wife, Jane Farley ("Jane") were involved in a murder/suicide. As such, Jane also died on July 22, 2017. (Exhibit E).

18. Liberty Life received a letter from an attorney dated August 10, 2017, notifying Liberty Life that he had been retained by Kenneth's son, Brad Farley, to formally assert a claim for the Insurance Proceeds. The letter also contested payment of the Insurance Proceeds under the Policy to anyone other than Brad Farley or Kenneth's Estate. (Exhibit F).

19. Liberty Life received an email notification dated August 1, 2017, and a letter dated August 19, 2017, from an attorney representing Jon Walters ("Walters"), the court-appointed personal representative of the Jane's Estate, citing the Arkansas Slayer Law and asserting that, as Jane's slayer, Kenneth is deemed to have died immediately before Jane, and thus the Insurance Proceeds must be paid to Jane's Estate. (Exhibit G).

**COUNT I: INTERPLEADER**

20. Liberty Life's records contain a form dated December 10, 2008, executed by Kenneth, on which he designated Jane as primary beneficiary for the group life benefits the subject of this suit. However, upon information and belief, on or about July 22, 2017, Kenneth and Jane were involved in a murder/suicide. Brad Farley, as beneficiary to and administrator of Kenneth's Estate, is demanding payment of the Insurance Proceeds be made to him or Kenneth's Estate pursuant to Arkansas law. However, because the personal representative of Jane's Estate has asserted that Jane's Estate is the proper beneficiary and that the Insurance Proceeds should be released to Jane's Estate, Liberty Life is unable to pay the Insurance Proceeds to Kenneth's Estate.

21. The personal representative of Jane's Estate contends that Kenneth is a slayer under Arkansas statute and thus, is deemed to have died immediately before Jane, making Jane's Estate the proper beneficiary, and that the Insurance Proceeds should be released to Jane's Estate. However, Liberty Life cannot pay the Insurance Proceeds to Jane's Estate without the risk of litigation by Brad Farley and Kenneth's Estate, demanding the proceeds be made payable to Kenneth's Estate according Arkansas law.

22. Liberty Life is an innocent stakeholder and is unable to determine which of the potentially adverse claimants to the Insurance Proceeds are entitled to the funds without facing the threat of multiple litigation and multiple liabilities. Accordingly, Liberty Life cannot reasonably pay these funds to any of the potentially adverse claimants.

23. Liberty Life stands ready to pay the appropriate party the funds at issue in this matter. Although Liberty Life claims no beneficial interest in these funds, the circumstances have caused it to refrain from making payment to any party.

24. Liberty Life seeks to have the Parties interplead and resolve their competing claims to the funds at issue in this matter, and to be discharged from all further liability in this litigation.

25. Simultaneously with the filing of this Motion, Liberty Life has filed a Motion for Leave to Deposit with the Court the funds at issue in this matter.

26. Under the terms of the Policy, Liberty Life has sole authority for determination of claims and benefits. As such, Liberty Life is a fiduciary.

27. Liberty Life has a duty to disburse the funds at issue in this matter according to the terms of the Policy and the information provided to Liberty Life by claimants. In this matter, Liberty Life faces potential conflicting claims for the funds at issue in this matter. Liberty Life

therefore needs the assistance of the Court to inquire into the matter and to adjudicate the interests of the claimants.

28. Pursuant to 28 U.S.C. § 1335, Liberty Life asks the Court to interplead the Estate of Kenneth B. Farley and the Estate of Jane Farley for purposes of enforcing the terms of the applicable plan documents regarding proper disbursement of the Insurance Proceeds.

**COUNT II: CLAIM FOR EQUITABLE RELIEF PURSUANT TO § 1132(a)(3)(B)(ii) OF ERISA**

29. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 29 of the Complaint.

30. Under the terms of the Policy, Liberty Life has sole authority for determination of claims and benefits. As such, Liberty life is an ERISA fiduciary.

31. Plaintiffs have a fiduciary duty under ERISA and the respective plan documents to disburse the funds at issue in this matter according to the terms of the respective plan documents and the information provided to Plaintiffs by claimants. In this matter, Plaintiffs face potential conflicting claims for the funds at issue in this matter. Plaintiffs therefore need the assistance of the Court to inquire into the matter and to adjudicate the interests of the claimants/Defendants.

32. Pursuant to § 1132(a)(3)(B)(ii) of ERISA, Plaintiffs ask the Court to interplead the above-named Defendants for purposes of enforcing the terms of the applicable plan documents regarding proper disbursement of the Insurance Proceeds at issue in this matter.

**COUNT III: PETITION FOR DECLARATORY JUDGMENT**

33. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1 through 32 of the Complaint.

34. As noted above, Plaintiffs are unable to determine which of the Defendants is entitled to the funds at issue in this matter without facing the threat of multiple litigation and multiple liabilities.

35. Pursuant to 28 U.S.C. § 2201, this Court has jurisdiction and authority to declare the rights of the potentially adverse claimants, the Defendants herein, to the funds at issue in this matter.

36. The controversy regarding said funds is ripe for determination by the Court in light of the claims of Brad Farley and the Estates and in light of the circumstances of the Kenneth's and Jane's deaths.

37. For purposes of judicial economy, and to avoid piecemeal litigation with the possibility of conflicting results with regard to Plaintiffs' liability for dispersal of the funds at issue, the Court should grant Plaintiffs' request to interplead the Defendants and declare the rights and obligations of all the Parties.

## RELIEF REQUESTED

Plaintiffs ask that judgment be entered in their favor and that:

1. The Court order each of the Defendants to interplead and settle among themselves their respective rights and claims to the funds at issue in this matter;

2. The Court enjoin and restrain each of the Defendants from instituting any other proceeding against Liberty Life with respect to the Policy;

3. In the event it is determined that any other person not yet joined as a party to this action may make a claim for, or be entitled to, the funds at issue in this matter, that such person be joined and subjected to paragraph 2 of this request for relief;

4. Plaintiffs be fully and finally discharged from all liability under the Policy and dismissed from this action;

5. Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and

6. The Court award such other and further relief as it may deem just and proper.

Dated this 31st day of May, 2018.

Respectfully submitted,

By: [signature]

Iwana Rademaekers (Texas Bar # 16452560)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR PLAINTIFFS, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON AND NUCOR CORPORATION GROUP LIFE BENEFIT PLAN